### PERSONAL PROPERTY EXONERATED BY SPECIFIC DIRECTION IN WILL.

Circuit Court of Portage County.

SARAH JANE LACEY v. GEORGE N. BIRDSALL.

Decided, March Term, 1912.

*Wills—Intention of Testator When Ascertained Must Govern—Even Though Contrary to a Technical Rule of Law.*

A testator devised a farm to her son "upon consideration that he pay to my daughter, S. J. L., the one thousand dollars which I have bequeathed to her in item three, and which sum until paid I hereby make a charge upon said farm." The son accepted the legacy.

*Held:* The payment of the legacy to the daughter is a charge upon the legacy to the son, and the personalty of the testator's estate is exonerated from its payment, at least to the extent of the son's legacy.

METCALFE, J.; NORRIS, J., and POLLOCK, J., concur.

The only question in this case is whether by the terms of the will of Abigal Birdsall the personalty belonging to her estate is exonerated from the payment of a legacy of one thousand dollars given to the plaintiff, Sarah Jane Lacey. Item three of said will is as follows:

"I give, devise and bequeath to my daughter, Sarah Jane Lacey one thousand dollars, and I direct that the same shall be paid to her within eighteen months after my decease."

There is no specific direction here as to what fund shall be used in paying this legacy. Without anything further to throw light on the intention of the testator the personalty would be primarily liable for its payment. But the will must be construed in the light of all its provisions. Item four is as follows:

"I give, devise, and bequeath to my son, George H. Birdsall, my farm located in Streetsboro township, Portage county, Ohio, upon consideration that he pay to my daughter Sarah Jane Lacey within eighteen months from my decease the one thousand dollars which I have bequeathed to her in item three and which sum until paid I hereby make a charge upon said farm."

This provision of the will makes it clear that the intention of the testator was that George should pay the legacy to Mrs. Lacey. He is to receive the farm "upon consideration that he pay" the one thousand dollar legacy. This is clearly a personal requirement of George, and makes him personally responsible for its payment, if he accepts the bequest of the farm, and in order to make the payment secure it is made a charge upon the farm.

Item two also throws some light on the question: "I give, devise, and bequeath to Isadore Birdsall three hundred dollars, and direct that the same be paid out of my estate within eighteen months after my decease." The specific direction in this item requiring the payment of the legacy to Isadore out of her estate is entirely consistent with the direction that the legacy to Sarah Jane be paid by George.

We, therefore, hold that the intention of the testator being clear to make the payment of the legacy to Sarah Jane a personal requirement of George that that intention must prevail.

Counsel for the defense have cited many English and some American cases which seem to hold to the doctrine that a specific direction in a will to one of the legatees to pay a legacy to another does not exonerate the personal property. But we think this is contrary to the established doctrine in Ohio that the intention of the testator must be gathered from the will itself; and when ascertained must govern, even though it is contrary to a technical rule of law. To hold otherwise would, in our judgment, be a departure from well grounded doctrines which prevail in this state.

Judgment affirmed.